CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 FEB -2 AM 9:21

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MIGUEL ZUNIGA DELGADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:15-CV-200-BL |
| LORIE DAVIS, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been assigned to the United States Magistrate Judge under Amended Special Order No. 3-301, but as all parties have not filed a consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), the undersigned magistrate judge issues this report and recommendation pursuant to 28 U.S.C. § 636(b) and a standing order of reference. After review and consideration of the § 2254 petition and the applicable law, the district judge should dismiss the petition under 28 U.S.C. § 2254, and deny the pending motions.

## I. BACKGROUND/PROCEDURAL HISTORY

Petitioner Miguel Zuniga Delgado is currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division pursuant to a judgment and sentence of 42nd Judicial District Court of Taylor County, Texas, in cause number 24067A. Clerk's Record (CR)[1] (doc. 11-1) at 117-19. Delgado was charged with continuous abuse of a child under the age of

---

[1] "CR" refer to the Clerk's Record of pleadings and documents filed with the state trial court. These papers are listed on the docket of this case as ECF No. 11-1.

fourteen. *Id.* at 6-7.[2] Delgado entered a plea of not guilty before the trial court, but after a jury trial, he was found guilty as charged. CR at 130, 4 RR 4-5; CR at 85, 131; 6 RR 56. After considering punishment, the trial court assessed punishment at twenty-five years imprisonment. CR at 117-19, 131; 7 RR 26.

Delgado filed a direct appeal, and the Texas Court of Appeals, Eleventh District affirmed his conviction. *Delgado v. State,* No. 11-12-00153-CR, 2014 WL 2810133 (Tex. App.—Eastland 2014, no pet.) By his own admission, he did not file a petition for discretionary review (PDR). Petition (doc. 1) at 3.

On July 22, 2015, Delgado signed an application for state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging this conviction. *Ex parte Delgado,* WR-83,744-01, (doc. 11-14) at 41. Delgado certified that he signed the application on that date. *Id.* That application was ultimately denied without written order by the Texas Court of Criminal Appeals on September 9, 2015. *Id.*, at Cover (doc. 11-13) at 1. Delgado then initiated this federal petition on September 23, 2015.[3] Respondent argues first that some of Delgado's claims are unexhausted and procedurally defaulted from review, and that as to the whole petition, Delgado has filed the § 2254 petition beyond the applicable statute of limitations.

## II.     ISSUES

Delgado alleges the following grounds for relief:

1. There is insufficient evidence to support his conviction;

---

[2] Delgado was charged with three separate counts. CR, at 6-7. The State, however, waived counts two and three prior to trial. 2 Reporter's Record ("RR") 6. "RR" refers to the Reporter's Record, or transcripts of the trial proceedings. The seven volumes of the Reporter's Record is on the docket of this case at ECF Nos. 11-2 through 11-8.

[3] *See* discussion of the timeliness of the filing of the § 2254 petition at section IV *infra.*

2. He was deprived of his right to confront his accuser;

3. His right to due process was violated when he was denied an opportunity to thoroughly cross-examine his accuser; and

4. His counsel provided ineffective assistance when he

    a. failed to interview witnesses, and
    b. failed to obtain the accuser's medical report prior to trial.

(Doc. 1 at 6-7.

### III. ANALYSIS/EXHAUSTION

Respondent contends that Delgado's claims that he was denied effective assistance of counsel when his attorney failed to: (a) interview witnesses and (b) obtain the accuser's medical report prior to trial, are unexhausted and procedurally barred. (Doc. 1) at 7.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) after direct appeal (Tex. R. App. P. 68.2), or file an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2016). To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In either of these remedies, a petitioner must have first provided to the highest court of the state a fair opportunity to apply (1) the controlling federal constitutional principles to (2) the same factual claims, before a federal court will entertain

the alleged errors. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990); *Richardson*, 762 F.2d at 431. Moreover, all of the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard*, 404 U.S. at 275.

Delgado's claims 4(a) and (b) were not presented at all, much less "fairly presented" to the Texas Court of Criminal Appeals. *Ex parte Delgado*, No. WR-83,744-01 (doc. 11-14) at 29-36. If Delgado were to file another state writ application including his unexhausted claims, it would be denied for abuse of the writ since he was required to include all grounds for relief in his first petition. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). It is settled law that citation for abuse of the writ by the Texas Court of Criminal Appeals constitutes a procedural default that bars federal habeas review of the merits of a habeas petitioner's claims. *Id.*; *Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995). Following the Texas Court of Criminal Appeals' decision in *Ex parte Barber*, 879 S.W.2d 889, 892 n. 1 (Tex. Crim. App. 1994), the Texas courts' abuse-of-the-writ doctrine is an adequate and independent state ground. *Nobles*, 127 F.3d at 423; *Fearance*, 56 F.3d at 642. Thus, where a state prisoner has been cited for abuse of the writ following *Barber*, federal habeas corpus review of his claims is barred.

Moreover, where the petitioner never has presented his claim to the state courts, it is procedurally barred in federal court "if it is clear that his claims are now procedurally barred under [state] law." *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Thus, where it is clear that a petitioner's unexhausted federal claims would be dismissed for abuse of the writ if presented in a subsequent state writ application, they are

4

procedurally barred in federal court. *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir. 1998). Therefore, Delgado's ineffective assistance of counsel claims 4(a) and (b) are procedurally barred from federal habeas review and should be dismissed with prejudice.

## IV. STATUTE OF LIMITATIONS

The § 2254 petition in this action is file-marked on October 16, 2015, but Miguel Delgado declared "under penalty of perjury" that he placed that petition in the prison mail system on September 23, 2015; therefore, the petition is deemed to be filed as of September 23, 2015.[4] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that for purposes of determining the applicability of the AEDPA, a federal petition is considered filed on the date it is delivered to prison officials for mailing to the district court).

The AEDPA, signed into law on April 24, 1996, enacted the present 28 U.S.C. § 2244(d), which establishes the following one-year limitation period on filing federal habeas corpus petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] The signature page section of the § 2254 form petition has a typed date of "September 15, 2015", but then a handwritten date next to Delgado's handwritten signature of "September 23, 2015." (Doc. 1, at 10.) The Court relies upon the later handwritten date.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). *See Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003) ("The AEDPA statute of limitations applies to all habeas petitions filed after the Act's effective date . . . ."). Under the statute, the habeas clock begins to run when one of the circumstances included in §§ 2244(d)(1)(A)-(D) triggers the Act's application. Petitioner does not argue any factual claims to invoke a limitations start date under 28 U.S.C. § 2244(d)(1)(B),(C), or (D). He does not argue any impediment to filing under § (d)(1)(B), he does not assert a newly recognized right under § (d)(1)(C), and he does not argue a newly discovered factual predicate for any of his claims under (d)(1)(D). Rather, as all of Delgado's claims arise from the events during the state trial proceedings, the limitations period began to run in this case when the judgment became final under § (d)(1)(A). *See Roberts,* 319 F.3d at 694 (quoting 28 U.S.C. § 2244(d)(1)(A)) ("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of time for seeking such review.'").

Delgado's conviction was affirmed in an order of the Texas Court of Appeals issued June 12, 2014. *See Delgado,* 2014 WL 2810133, at *1. Under 28 U.S.C. § 2244(d)(1)(A), Delgado's judgment of conviction was final on July 14, 2014[5], when the time for filing a petition for discretionary review with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. Proc. 68.2 ("petition must be filed within 30 days after . . . the day the court of appeals' judgment was rendered.

---

[5] The thirtieth day after June 12, 2014 fell on Saturday, July 12, 2014; therefore, Delgado had until Monday, July 14, 2014 to file a PDR.

. ."). Accordingly, under § 2244(d)(1)(A), Delgado had to file his federal petition on or before one year later on July 14, 2015, unless he demonstrates that he is entitled to statutory or equitable tolling.

A.   Statutory Tolling

The AEDPA enacted a statutory tolling provision in 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time any properly filed state application for post-conviction or collateral review is pending in the state courts. Delgado is deemed to have filed the state habeas corpus application on July 22, 2015, the date he signed and dated his state application. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (holding that "the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court"); *see Ex parte Delgado,* WR-76,043-01, (Doc. 11-14, at 40.)

Delgado's state habeas application did not serve to toll limitations. Tolling is inapplicable when a state application was not filed before the expiration of the statute of limitations. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed *until after* the period of limitation had expired") (emphasis in original). Delgado did not submit his state application to the trial court until July 22, 2015, several days after the applicable one-year limitation period had already expired. Thus, as the records show that this application was filed after the expiration of the one-year, the time Delgado's state application was pending did not toll his limitations period.

B.   Equitable Tolling

Delgado has also failed to demonstrate that he is entitled to equitable tolling. The Supreme Court has clearly stated that AEDPA's statute of limitations is subject to equitable tolling if the case is "appropriate." *Holland v. Florida,* 560 U.S. 631, 645 (2010). A petitioner demonstrates that his

7

case is appropriate if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotations and alteration omitted)) ("The doctrine of equitable tolling is applied restrictively and . . . is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate[,]" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quotation and citation marks omitted), but the burden of proving facts to support a claim of equitable tolling lies with the party seeking equitable tolling, *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Moreover, ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 808-12 (5th Cir. 1998); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include a legal claim in his prior petition); *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

Delgado has not demonstrated that he pursued his rights diligently. "[T]he diligence required

8

for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland v. Florida,* 560 U.S. at 653 (internal quotations omitted). The timing of Delgado's challenges weigh heavily against finding that Delgado exercised reasonable diligence as even though his conviction and sentence were affirmed on direct appeal in June 2014, he waited until July 2015 to file a state habeas application. Delgado offers no explanation for this delay, and none is apparent from the record. "The doctrine of equitable tolling is not applied where a petitioner has failed to pursue relief diligently." *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002) (citation omitted).

Second, even if Delgado is considered to have pursued relief with reasonable diligence, he has not demonstrated that an extraordinary circumstance prevented the timely filing of his federal habeas petition. "In general, equitable tolling is warranted only in 'situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights.'" *Jones v. Stephens,* 541 F. App'x. 499, 503 (5th Cir. 2013) (quoting *Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir. 2002) (internal quotation marks and citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (citation and internal quotation marks omitted)). Petitioner Delgado has not shown any extraordinary circumstance that shows he is entitled to equitable tolling of the applicable limitations period.

Further, courts have recognized that missing a deadline by a short time does not justify equitable tolling. The Fifth Circuit has explained, "[i]n past cases, we have focused on the reasons for missing the deadline rather than on the magnitude of the tardiness." *Lookingbill v. Cockrell,* 293 F.3d 256, 264-65 n. 15 (5th Cir. 2002) (citing *Fisher v. Johnson,* 174 F.3d at 715-16)).

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would

reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Id.* (citing *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (refusing equitable tolling where petitioner missed deadline by four days); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (two weeks late); *Fisher*, 174 F.3d at 712 (seventeen days late); *Felder*, 204 F.3d at 171 (twenty-one days late). Thus, the fact that Delgado's petition is just a few days late, in and of itself does not justify equitable tolling.

Accordingly, Miguel Delgado has not demonstrated that he is entitled to statutory or equitable tolling that would allow consideration of this federal petition; therefore, this federal petition under § 2254 was untimely filed, and should be dismissed by the district judge.

## V. PENDING MOTIONS

Now pending are a motion filed by Petitioner to "dismiss all charges" (doc. 12), and a separate motion for an evidentiary hearing (doc. 14). As the Court should dismiss this case on the grounds already detailed, there is no basis to hold an evidentiary hearing; and as Petitioner is not entitled to relief on the underlying merits of his challenge to his state court conviction, the motion seeking to dismiss the underlying charge should be denied.

## VI. RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the petition for writ of habeas corpus under § 2254 be **DISMISSED** with prejudice, and the currently pending motions (docs. 12 and 14) be **DENIED**.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part

of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED**.

Signed February 2nd, 2017.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE